IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANDREW HILL,<br>　　　Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | No. 3:24-CV-2182-G-BW |
| PEPSI CORPORATION,<br>　　　Defendant. | §<br>§<br>§ | Referred to U.S. Magistrate Judge[1] |

# FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Based on the relevant filings and applicable law, the Court should **DISMISS** this civil action without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute or follow orders of the Court.

## I. BACKGROUND

On August 22, 2024, the Court received correspondence from Andrew Hill, an inmate at the Tarrant County Jail, that was construed as a civil complaint. (*See* Dkt. No. 3.) On December 30, 2024, the Court entered a Notice of Deficiency and Order advising Hill that, within 30 days, he must file an amended complaint and either pay the filing fee or submit an application to proceed in forma pauperis ("IFP") with the required certificate of inmate trust account or comparable form. (*See* Dkt. No. 7.) It also warned Hill that failure to comply could result in a recommendation that his case be dismissed. (*See id.* at 2.) The December 30 Order was returned to the Court

---

[1] By Special Order No. 3-251, this pro se case has been automatically referred for full case management.

as undeliverable on January 27, 2025.  (*See* Dkt. No. 8.)  Accordingly, on February 3, 2025, the Court issued an order requiring Hill to show cause in writing, no later than February 26, 2025, why the action should not be dismissed for failure to prosecute. (*See* Dkt. No. 9.)

It is now over six weeks past the deadline set forth in the February 3 Order, and Hill still has not filed an amended complaint on the appropriate form, paid the filing fee, filed an IFP application, or filed anything else in this case.  On April 10, 2025, the February 3 Order was returned to the Court and stamped "Return to Sender Not in Tarrant County Jail."  (Dkt. No. 10.)  Based on the returned February 3 Order and available public records, Hill appears to no longer be in custody at the Tarrant County Jail, and he has not filed any notice of a change of address.  *See* Inmate Search, *available at* https://inmatesearch.tarrantcounty.com (last visited Apr. 15, 2025).

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with [a Federal Rule of Civil Procedure or] a court order."  *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  Further, a court's authority under Rule 41(b) is not diluted merely because a party proceeds pro se, as "[t]he right of self-representation does not exempt a party

from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019).

Hill has failed to comply with the Court's December 30 Order to file an amended complaint on the appropriate form and to either pay the filing fee or file an IFP application and the Court's February 3 Order to show cause, despite a warning in each that failure to comply could result in dismissal of the case. Nor has he filed anything else in this case. By not complying with the Court's December 30 Order and February 3 Order or otherwise showing he intends to proceed with this case, Hill prevents this action from proceeding and has failed to prosecute his lawsuit. Accordingly, the Court should exercise its inherent power to prevent undue delays in the disposition of pending cases and dismiss this action without prejudice under Rule 41(b) for failure to prosecute or obey court orders.

### III.  RECOMMENDATION

The Court should **DISMISS** this civil action without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute or follow orders of the Court.

**SO RECOMMENDED** on April 16, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

3

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).